J. RIBAS é HIJO, Plaintiff,

*v.*

THE UNITED STATES OF AMERICA, Defendant.

---

OPINION ON MOTION FOR A REHEARING.

1. The signing of the protocol and the proclamation of the President did not end the war with Spain. It ended by the ratification of the treaty of peace by both parties.
2. Until such ratification the war power had the right to hold and use, without compensation, the private property of the enemy, which it had seized during the war for necessary use.

April 27, 1901.

---

*Mr. C. M. Boerman,* attorney for plaintiff.

*Mr. N. B. K. Pettingill,* District Attorney, for defendant.

HOLT, Judge, delivered the following opinion:

A rehearing is asked upon the ground that the court has found, as a matter of fact, that the use continued until April, 1899, and as the protocol, followed by the President's proclamation, was dated August 12th, 1898, the complainants say they should recover on a *quantum meruit* the value of the use of the vessel between these dates. This was a seizure in time of war, and not in time of peace. It was, as has been said, a special case arising from the necessary operation of war, and the war

*Ribas é Hijo v. United States.*

power of the government concluded it was necessary to take and use the property. Even conceding that the seizure did not terminate all right of the Spanish owner in the property, or to any use of it, yet the protocol and proclamation did not end the war. The protocol worked a mere truce. The President has not the power to terminate the war by treaty without the advice or consent of the Senate of the United States. If a treaty be silent as to when it is to become effective, the weight of authority is that it does not become so until ratified, and this was not done until in April, 1899, and the war did not end by treaty until then; and all the use made by the government of the vessel was justified by the rules of war and international law, without compensation. The motion is overruled and re-hearing denied.